IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARSHALL LOSKOT,                             No. 2:11-cv-0487-LKK-CMK

    Plaintiff,

  vs.                                                          ORDER

GREEN RELIEF MANAGEMENT
SERVICES, LLC, et al.,

    Defendants.
_____/

        Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the court is defendants' motion for a protective order (Doc. 24). Defendants seek a protective order precluding plaintiff from entering and inspecting the non-common areas of the Family Tree Cooperative. A hearing was held on October 19, 2011, before the undersigned in Redding, California. Jason Singleton, Esq., appeared for plaintiff. Cris C. Vaughan, Esq., appeared for defendants. After hearing argument, the matter was submitted.

        Plaintiff is suing over alleged barriers experienced while attempting to patronize the Family Tree Cooperative, which is a medical marijuana collective operating under applicable state laws and local ordinances. Specifically, plaintiff alleges barriers as follows: "ramp up to sidewalk is too steep for wheelchair access" and "access to facilities are inaccessible due to steps

and handrails blocking the sidewalk." Plaintiff seeks to enter and inspect the "subject property" which is defined in the discovery request as follows:

> **SUBJECT PROPERTY** means the building and the surrounding premises located at or near . . . 2751 and 2753 Bechelli Lane, Redding, California, and surrounding area which is or may be under Defendants' control, including, but not limited to sidewalks, parking areas, entrance ways, and all portions of the subject premises accessible to the general public.

In their motion, defendants argue that a protective order is appropriate with respect to the interior of their facility because: (1) the law requires that medical marijuana collectives operate as a "closed system" only accessible to members and plaintiff is not a member; (2) the interior of their facility is not within the scope of the discovery request; and (3) the complaint does not allege barriers encountered in the interior of their facility, only non-member common areas. Defendants do not, however, indicate anywhere in their moving or reply papers how a protective order is required in order to avoid "annoyance, embarrassment, oppression, or undue burden or expense," as required under Federal Rule of Civil Procedure 26(c)(1).[1]

As to whether the plaintiff must allege barriers relating to the interior in order to inspect the interior, the Ninth Circuit ruled in Chapman v. Pier 1 Imports, 631 F.3d 939 (9th Cir. 2011), that an ADA plaintiff has standing to sue over barriers he is likely to encounter in the future even if he never actually encountered such barriers. The court specifically noted that its conclusion was consistent the Supreme Court's decision in Lujan v. Defenders of Wildlife, 514 U.S. 555 (1992), in which the Supreme Court discussed the requirements for standing in an ADA action. See Chapman, 631 F.3d at 951-53. Defendants assert that Chapman is inapplicable here because plaintiff cannot encounter barriers inside their facility given that he is not a member. This argument ignores the remedial spirit of the ADA, which is intended to provide for private

---

[1] At the hearing, counsel indicated that the annoyance and/or oppression would come from allowing a non-member into the members-only areas.

1 enforcement actions that will prevent likely future barriers.  In this case, plaintiff attempted to
2 access defendants' facility in order to obtain a medical marijuana recommendation, become a
3 member of the collective, and obtain medical marijuana from the collective.  Therefore, the
4 barriers he experienced, though there were in the common areas, prevented him from accessing
5 the defendants' facility for these purposes, which necessarily involve likely access to the interior.
6 This reasoning is consistent with the Ninth Circuit's decision in <u>Oliver v. Ralphs Grocery Store
7 Co.</u>, 2011 WL 3607014 (9th Cir. 2011), in which the court discussed amendment of an ADA
8 complaint to allege barriers not originally encountered but later discovered during a site
9 inspection.

10        As to whether the interior of the defendants' facility is within the scope of the
11 discovery request, a reading of the plain language of the request resolves this question.  The
12 "subject property" is described as the building of defendants' facility and includes, but is not
13 limited to, the common areas.  It is not, as defendants suggest, defined as only the common areas.

14        Finally, defendants do not indicate how allowing a court-approved site inspection
15 in the context of an ADA action would violate the regulation requiring the facility to operate as a
16 "closed system" for members only.  Specifically, plaintiff and/or his agents would not be entering
17 the facility for purposes of conducting any transactions which only members may conduct.
18 Accepting defendants' argument would result in the rule that any members-only facility is
19 essentially shielded from ADA claims relating to remediation of interior barriers.

20        Accordingly, IT IS HEREBY ORDERED that defendants' motion for a protective
21 order (Doc. 24) is denied.

DATED: October 28, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE